Filed 4/14/21  P. v. Cuica CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CONRADO CUICA,<br><br>    Defendant and Appellant. | G059271<br><br>(Super. Ct. No. 08CF1939)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheri Pham, Judge.  Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant was convicted in 2009 of attempted murder. He had fired several shots at a person who had been arguing with his nephew, Marino Cuica. The shots missed Marino's antagonist but struck and injured a teenage girl who was in the area. The court sentenced appellant to the low term plus the 20-year enhancement for the firearms enhancement that had been found true. We affirmed the convictions in 2011.

In April of 2019, appellant filed a petition seeking to vacate his robbery conviction pursuant to the recently-enacted Penal Code[1] section 1170.95, which changed the law pertaining to murder cases. That petition was denied by the trial court on the basis that it did not "set forth a prima facie case for relief under the statute." The statute provides for relief for petitioners convicted of murder under a felony murder or natural and probable consequences theory. Since appellant was not convicted of murder, the court ruled he was not entitled to relief.

Appellant appealed, and we appointed counsel to represent him. Counsel filed a brief which set forth the procedural facts of the case. Counsel did not argue against appellant but advised us there were no issues in the case that had any chance of success. Appellant was invited to express his own objections to the proceedings against him and did so. His complaint is that the court ruled he did not qualify for relief after examining the record. He contends he was entitled to a hearing.

His argument for a required hearing is that the court exceeded its mandate by concluding his case did not involve either a felony murder or natural and probable consequences theory of prosecution. He feels the court must have examined the record of his trial, including jury instructions and evidence submitted, to determine the theory of his prosecution when it should have been limited to "readily ascertainable facts from the record (such as the crime of conviction)."

---

[1] All further statutory references are to the Penal Code.

The error in this theory is that the court did *not* have to go beyond "readily ascertainable facts . . . (such as the crime of conviction)" to reject it. Section 1170.95 pertains to murder cases. Appellant was not convicted of murder; he was convicted of *attempted murder*. To date, every court that has considered whether section 1170.95 provides post-final-judgment relief to someone convicted of attempted murder has concluded it does not. This court is one of those who have so concluded. (*People v. Larios* (2019) 42 Cal.App.5th 956, 968-970, rev. granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1016-1018, rev. granted Mar. 11, 2020, S259948; *People v. Munoz* (2019) 39 Cal.App.5th 738, 758-766, rev. granted Nov. 26, 2019, S258234.) The issue is presently before the California Supreme Court but the law at the present time is against him.

We find ourselves in agreement with appellate counsel. There is simply no issue here. Appellant's Hail Mary fails because section 1170.95 applies only to cases in which there was a conviction of murder. (*Id.*, subd. (a)(1).) Appellant was not. He is therefore not eligible for relief under section 1170.95.

With the aid of the briefing submitted by counsel, we not only considered the application of section 1170.95 to appellant's case but also scoured the short record for any other mistakes that might have been made in deciding his petition, as we are required to do when appellate counsel reports an inability to find an appellate issue. (*People v. Wende* (1979) 25 Cal.3d 436.) We have been unable to find any other issues that might

3

be argued in appellant's behalf.  Our review is limited to issues pertaining to his section 1170.95 petition, and we can find no flaw in the handling of that.

The order is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.